REGAN, Judge.
Plaintiff, Joseph A. Neyrey, a building contractor, instituted this suit against the defendant, S. A. Wright, Jr., endeavoring to recover the sum of $363.16 [1] representing the cost of “extras” and “adjustments on allowances” resulting from verbal agreements made in connection with a written contract pertaining to the construction of the defendant’s residence in 7524 Garnet Street in the City of New Orleans.
The defendant answered, generally denying the plaintiff’s allegations and insisted that he had not performed the contract in a workmanlike manner; that the eradication of the innumerable defects resulting therefrom would cost $544, which he asserted in “compensation or set-off” [2] to the plaintiff’s suit.
The defendant then reconvened for the amount of $794; $544 of which represented the cost of correcting the defective workmanship and $250 represented the difference in the cost of materials actually used by the plaintiff and those specified in the building contract.
The plaintiff pleaded the exception of prescription ' to the reconventional demand which was overruled.
From a judgment in favor of the defendant to the extent of allowing a set-off to the main demand, the plaintiff has prosecut *346 ed this appeal. The defendant has not appealed from this judgment.
Since the defendant has failed to appeal from the judgment, which in effect dismissed his reconventional demand for the difference between $363.16 and $794, we have thus posed for our consideration only the question of whether the defendant has adequately established the validity of a set-off equal to or in excess of the main demand.
The record establishes as a fact the defendant owed the plaintiff $363.16 for “extras” incurred during the construction of his residence. Pretermitting a discussion of other defects, the record likewise reflects that it would cost $394 to replace the warped doors in the defendant’s home.
Predicated on the existence of the foregoing facts, the trial court dismissed the plaintiff’s suit in conformity with the rationale of Articles 2207 [3] and 2208 [4] of the Revised Civil Code since the cost of replacing the defective doors exceeded the amount of the main demand.
The question which this appeal has posed for our consideration is whether the foregoing conclusion of the trial court is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony adduced herein or by endeavoring to engage in a reconciliation thereof; suffice it to say that it contained all of the usual disputations that are characteristic of suits of this nature.
The trial judge was convinced that the doors installed by the contractor were defective in that they warped and our evalua-
tion of the record convinces us that the evidence abundantly preponderates to this effect and the judgment is therefore correct insofar as the set-off of $363.16 was allowed by the trial judge against the plaintiff’s main demand.
We reiterate that the defendant failed to appeal from this judgment and therefore we are unable to consider the validity of his suit in reconvention in excess of the amount asserted in the main demand.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The plaintiff initially sued to recover the sum of $472 but on appeal reduced the amount thereof, conceding that he had erred in computing what was due.

. Revised Civil Code Art. 2207 et seq.

. “When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, in the manner and cases hereafter expressed.” Art. 2207, La.Civil Code of 1870.

. “Compensation takes place of course by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums.” Art. 2208, La. Civil Code of 1870.